
FILED
JUN 1 8 2013
CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | | |
|---|---|---|
| OSBORNE COCKETT, | * | CIV 13-4049-RAL |
| | * | |
| Petitioner, | * | |
| | * | OPINION AND ORDER |
| vs. | * | DISMISSING PETITION UNDER |
| | * | 28 U.S.C. § 2241 FOR WRIT OF |
| J.S. WILLIS, Warden, | * | HABEAS CORPUS |
| | * | |
| Respondent. | * | |

## I. INTRODUCTION

Osborne Cockett, a federal inmate housed in the District of South Dakota and proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Doc. 1. Cockett argues that he is entitled to relief under § 2241 because the sentence imposed on him was in excess of the maximum authorized by statute. Doc. 1 at 3. Cockett also moves to proceed in forma pauperis. Doc. 2. For the reasons explained below, Cockett's petition is dismissed.

## II. FACTS

Cockett pleaded guilty in the United States District Court for the Middle District of Florida to one count of possession with intent to distribute oxycodone in violation of 21 U.S.C. §§ 846 and 841(b)(1)(C). United States v. Cockett, 09-cr-00361-HES-JRK. Cockett was sentenced on February 23, 2011, to 130 months imprisonment and 36 months supervised release. Cockett did not appeal his conviction or sentence. Id.

Cockett filed a motion seeking post-conviction relief under 28 U.S.C. § 2255 in the Middle District of Florida. Cockett v. United States, 12-cv-00123-HES-JRK. Cockett's § 2255 petition was denied by the Middle District of Florida and the United States Court of Appeals for the Eleventh Circuit denied a certificate of appealability. Cockett did not raise the issue of his

sentence allegedly extending beyond the statutory maximum at that time because he was unaware of that theory until after he had filed his § 2255 petition. Doc. 1 at 3. Instead, Cockett's § 2255 petition challenged his status as a career offender in calculating the guideline range and the effectiveness of his counsel. Cockett, 12-cv-00123-HES-JRK.

## III. DISCUSSION

### A. In Forma Pauperis Status

Cockett moves to proceed in forma pauperis in this case. Doc. 2. A petition under 28 U.S.C. § 2241 requires a $5.00 filing fee under 28 U.S.C. § 1914. A federal court may authorize the commencement of suit without prepayment of fees when an applicant files an affidavit stating he is unable to pay the costs of the lawsuit. 28 U.S.C. § 1915. In forma pauperis status is a privilege rather than a right. See e.g., Williams v. McKenzie, 834 F.2d 152, 154 (8th Cir. 1987) (discussing the right to proceed in forma pauperis in a nonprisoner case). Determining whether an applicant is sufficiently impoverished to qualify to proceed in forma pauperis under § 1915 is committed to the court's discretion. Cross v. Gen. Motors Corp., 721 F.2d 1152, 1157 (8th Cir. 1983). "In forma pauperis status does not require a litigant to demonstrate absolute destitution." Lee v. McDonald's Corp., 231 F.3d 456, 459 (8th Cir. 2000). Under § 1915(b)(4), no prisoner shall be prohibited from bringing a civil action by reason of the prisoner having no assets and no means to make an initial partial filing fee. Cockett's motion to proceed without payment of fees and declaration reveals that he is indigent and has no assets, but earns $23.00 a month working at the Yankton Prison Camp. Doc. 2. This Court will grant the motion to proceed in forma pauperis.

The Prison Litigation Reform Act, 28 U.S.C. § 1915, requires prisoners to make an initial partial filing payment where possible. Determination of the partial filing fee is calculated

according to 28 U.S.C. § 1915(b)(1), which requires 20 percent of the greater of: (a) the average monthly deposits to the prisoner's account; or (b) the average monthly balance in the prisoner's account for the six-month period immediately preceding the filing of the complaint or notice of appeal. Cockett's application represents that he has no funds whatsoever, including no funds in his inmate trust account. Cockett is obligated to pay the filing fee regardless of whether this Court allows or dismisses this action. In re Prison Litig. Reform Act, 105 F.3d 1131, 1134 (6th Cir. 1997). The obligation to pay a filing fee accrues the moment a petitioner files his complaint with the court, and it cannot be avoided merely because the case is eventually dismissed. In re Tyler, 110 F.3d 528, 529-30 (8th Cir. 1997) (prisoner will be assessed full filing fee even if his case is dismissed because "the PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal").

**B. Section 2241 Petition**

Cockett's argument in his § 2241 petition is that he was sentenced to 130 months of "actual imprisonment" and 36 months of "supervised release imprisonment," for a total of 166 months imprisonment. He argues that 166 months is outside of the maximum allowed by statute. Cockett has misunderstood the law, his argument is mistaken, and his petition thus lacks merit.

Cockett pleaded guilty to 21 U.S.C. § 846, which is an attempt and conspiracy statute which prescribes the same penalties to any person who attempts or conspires to commit an offense as those who commit the offense. Cockett also pleaded guilty to 21 U.S.C. § 841(b)(1)(C). Section 841(b)(1)(C) provides that an offender who violates the statute can be sentenced up to twenty years and must be sentenced to at least three years of supervised release. Cockett was sentenced to 130 months imprisonment, well below the statutory maximum of 240 months. While supervised release does not count toward the statutory maximum allowed for imprisonment, even

the combination of Cockett's prison sentence and supervised release does not extend beyond the statutory maximum of twenty years. 18 U.S.C. § 3583; see also United States v. Postley, 449 F.3d 831, 833 (8th Cir. 2006) ("[T]he supervised release term does not have to come out of the maximum prison sentence."); United States v. Engelhorn, 122 F.3d 508, 510 (8th Cir. 1997) ("[T]he total time involved in a term of imprisonment and supervised release may exceed the maximum term of incarceration authorized by the substantive federal statute under which a defendant is convicted."). Additionally, Cockett was sentenced to the statutory minimum of three years of supervised release, thus the supervised release component of his sentence was not in violation of the law. The statutory maximum of twenty years is not based on the career offender status issue that Cockett raised in his § 2255 petition, so the twenty-year maximum is authorized even if Cockett had been a first time offender. The record conclusively demonstrates that Cockett's original sentence was not outside the range of sentences authorized by statute.

Even if Cockett's § 2241 motion for writ of habeas corpus had merit, the case appears to be improperly brought in front of this Court. Section 2241 habeas petitions are to be brought against the petitioner's immediate custodian, which generally requires a petitioner to seek relief in the district in which he is confined. However, a habeas petition designed to challenge the validity of conviction or sentence must be brought under § 2255 in the district of the sentencing court. Matheny v. Morrison, 307 F.3d 709, 711 (8th Cir. 2002); see also Hill v. Morrison, 349 F.3d 1089, 1091 (8th Cir. 2003). Section 2255(e) contains a "savings clause" which states that an application for habeas relief shall not be entertained "if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(3); see also Abdullah v. Hedrick, 392 F.3d 957, 959 (8th Cir. 2004)

("A petitioner who seeks to challenge his sentence or conviction generally must do so in the sentencing court through § 2255 . . . ."). If § 2255 is adequate or effective, then a district court lacks jurisdiction to entertain a § 2241 petition. Hill, 349 F.3d at 1091. "A § 2241 habeas petitioner cannot raise, in the district of incarceration, an issue which could have been or actually was raised in a § 2255 motion filed in the sentencing district." Id. at 1092. The argument that Cockett was sentenced outside of the bounds of the statutory maximum could have been raised in his § 2255 motion in his district of incarceration. A § 2255 petition on this matter would have been appropriate and adequate on the issue of whether the sentencing court sentenced Cockett outside of the statutory maximum. Therefore, Cockett should have raised this issue in his § 2255 petition, rather than in a separate § 2241 motion.

## IV. CONCLUSION

For the foregoing reasons, it is hereby

ORDERED that Petitioner's Motion for Leave to Proceed in forma pauperis, Doc. 2, is granted. It is further

ORDERED that Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, Doc. 1, is dismissed.

Dated June 18th, 2013.

BY THE COURT:

_____
ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE